# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.B. and G.C.**

**No. 13-1007** (Wood County 12-JA-147 & 12-JA-148)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Eric K. Powell, appeals the Circuit Court of Wood County's order entered on September 9, 2013, terminating her parental rights to her children, J.B., age 5, and G.C., age 11. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee A. Niezgoda, its attorney, filed its response. The children's guardian ad litem, Debra L. Steed, filed a summary response on the children's behalf. Petitioner filed a reply. On appeal, petitioner argues her parental rights were improperly terminated to G.C. because there had been no allegations of abuse or neglect relating to G.C. until the DHHR submitted a proposed disposition order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in failing to adjudicate G.C. as an abused or neglected child. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

At the time leading up to the underlying proceedings, infant J.B. lived with petitioner, but her other child, G.C., had lived with G.C.'s paternal grandparents since March of 2009 when they were given guardianship of G.C. In October of 2012, the DHHR filed a petition for abuse and neglect against petitioner regarding both subject children, but only seeking to adjudicate J.B. as abused. The DHHR stated in the petition it would investigate the status of G.C.'s custody as it relates to the grandparents. The petition for abuse and neglect related to petitioner hearing voices, feeling possessed and other acts of paranoia. In December of 2012, the circuit court found J.B. to be a neglected child; there were no findings regarding G.C. Petitioner was granted an improvement period, but the improvement period was eventually terminated due to a lack of compliance. In August of 2013, the circuit court held a dispositional hearing and found that termination was proper. Following the hearing, the circuit court ordered the DHHR to submit a proposed disposition order. The DHHR's proposed order included terminating parental rights to G.C., as well as J.B. Petitioner objected to the disposition order because no facts had been taken in the case regarding G.C., G.C. had not been adjudicated a neglected child, and G.C. was not alleged to be an abused or neglected child in the petition, among other objections. In response, the DHHR did not oppose the objections raised regarding G.C. By order entered September 9,

1

2013, the circuit court terminated petitioner's parental rights to both J.B. and G.C. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Although petitioner does not dispute the termination of her parental rights to J.B., all parties agree the circuit court should be reversed regarding the termination of petitioner's parental rights to G.C. We agree that termination was improper with respect to G.C. West Virginia Code § 49-6-5 provides that circuit courts may only proceed to termination after adjudicating a child to be abused or neglected.[1] Here, in addition to never adjudicating G.C. to be abused or neglected, the DHHR never alleged abuse or neglect of G.C. in its petition. Therefore, we affirm the termination of petitioner's parental rights to J.B., reverse the circuit court's termination of parental rights to G.C., and remand with directions for the DHHR to file either an amended petition below, or a new petition, if necessary, seeking termination of the mother's parental rights to G.C.[2]

For the foregoing reasons, we affirm, in part, and reverse, in part, the circuit court's September 9, 2013, order and remand the matter for further proceedings.

---

[1] West Virginia Code § 49-6-5(a) reads in relevant part:
Following a determination pursuant to section two [§ 49-6-2] of this article wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child. . . . The court shall forthwith proceed to disposition giving both the petitioner and respondents an opportunity to be heard.

[2] Inasmuch as the mother's parental rights have been involuntarily terminated, the DHHR is required to seek the termination of the mother's parental rights to G.C. under West Virginia Code § 49-6-5b(a)(3).

2

Affirmed, in part, reversed, in part, and remanded.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II